IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANIEL HENNEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-443-SMY |
| | ) | |
| **KOHN,** | ) | |
| **JANE DOE NURSE,** | ) | |
| **CUNNINGHAM,** | ) | |
| **KEVIN KINK,** | ) | |
| **C/O SLOAN,** | ) | |
| **C. KAMP,** | ) | |
| **SARAH JOHNSON,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **C/O JENKINS,** | ) | |
| **JOHN DOE #1 FOOD SUPERVISOR,** | ) | |
| **JOHN DOE #2 LT.,** | ) | |
| and **WEXFORD HEALTH SOURCES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Henney, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges Defendants were deliberately indifferent to the sanitary conditions in the dining hall and to his medical needs, in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to

1

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): While at Lawrence, Plaintiff has experienced unsanitary conditions in the dining hall. (*Id*. at p. 11). The dining hall is infested with mice and seasonal flies and bugs. The cleaning in both the kitchen and the dining hall are substandard. There is an excess of water and other liquids on the floor of the dining hall and the trays, cups, and tables are not clean and are often caked with old food. (*Id*. at pp. 12, 14-15). For two months beginning in December 2018, a sparrow and large pigeon were stuck in the dining hall, but none of the correctional staff would capture the birds. (*Id*. at p. 23). Plaintiff informed both the John Doe Food Supervisor and the John Doe Lieutenant on duty about the birds and the hazards that they posed but they did nothing. Defendant Kohn was in charge of the dining hall and was aware of the unsanitary conditions but did not seek to remedy the conditions. He stated in response to Plaintiff's numerous grievances that the dietary department followed all sanitation regulations. (*Id*. at p. 13).

Plaintiff developed illnesses as a result of the conditions in the dining hall. (Doc. 1, pp. 12-22). Plaintiff had vomiting on January 24, 2018 after eating in the dining hall. (*Id*. at p. 12). He asked an inmate to inform C/O Morgan of his illness and C/O Morgan called the healthcare unit but did not check on Plaintiff. A Jane Doe nurse later told Plaintiff to drink liquids and if he continued to feel sick to contact the healthcare unit.

On another occasion, Plaintiff fell ill after eating food that was served "in-house". (*Id*. at p. 15). Although he pushed the panic button, it took twenty minutes for C/O Morgan to respond. Plaintiff met with an unknown nurse who swabbed Plaintiff's nose to check for the flu but did not provide him with any further treatment. He continued to suffer vomiting and diarrhea and wrote to the healthcare unit but did not receive a response. (*Id*. at p. 16). A Jane Doe nurse finally responded to Plaintiff's request slip after he filed a grievance but informed him that he had to be throwing up for 24 hours before he could receive any help from the healthcare unit. Plaintiff alleges that this is a Wexford Health Sources, Inc. ("Wexford") policy which prevents an inmate from receiving care unless he has been vomiting for 24 hours. (*Id*. at p. 17). He finally saw a doctor two days later and was provided with medication for his nausea.

Plaintiff again suffered from vomiting on March 28, 2019. (Doc. 1, p. 19). He pushed the panic button several times and finally a porter informed C/O Jenkins about his condition. C/O Jenkins instructed Plaintiff to write a note to the healthcare unit. He returned approximately twenty minutes later and again informed Plaintiff to write the healthcare unit after Plaintiff again requested help. He later reported to Plaintiff that he contacted the healthcare unit and no one responded. Two officers on the next shift took Plaintiff to the healthcare unit and he was provided with medication for his nausea and placed on a liquid diet. (*Id*.).

Plaintiff wrote numerous grievances about the conditions in the dining hall and his various instances of illness after eating there. His counselor and Healthcare Unit Administrator Cunningham responded each time that appropriate care was given to Plaintiff for his vomiting. (Doc. 1, p. 13, 17, 19, and 20). As to the conditions of the dining hall, Kohn responded that the dietary department follows all sanitation regulations. (*Id.* at p. 13, 15, 17, and 20). Grievance

Officer C. Kamp denied the grievances and Warden Kevin Kink signed off on them. Sarah Johnson and John Baldwin also denied the grievances.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Kohn, C/O Sloan, John Doe #1 Food Supervisor, and John Doe #2 Lieutenant were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement in the dining hall.
>
> **Count 2:** Jane Doe Nurse and C/O Jenkins were deliberately indifferent under the Eighth Amendment to Plaintiff's request for medical care for his vomiting.
>
> **Count 3:** Wexford was deliberately indifferent under the Eighth Amendment for maintaining a 24-hour policy, delaying Plaintiff care for his vomiting for twenty-four hours.
>
> **Count 4:** Cunningham, Kevin Kink, C. Kamp, Sarah Johnson, and John Baldwin were deliberately indifferent under the Eighth Amendment in responding to Plaintiff's grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Preliminary Dismissals

To the extent Plaintiff's Complaint seeks to raise claims against C/O Morgan and Densmore, those claims are **DISMISSED without prejudice**. Plaintiff discusses C/O Morgan and Densmore (Doc. 1, p. 13) in the body of his Complaint but fails to identify them in the Caption

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

of his Complaint. Therefore, these individuals will not be treated as defendants in this case. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

**Count 1**

Plaintiff states a viable claim for unconstitutional conditions of confinement against Kohn, John Doe #1 Food Supervisor, and John Doe #2 Lieutenant. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Kohn was the head of dietary and allegedly continued to allow unsanitary conditions in the dining hall after Plaintiff's numerous complaints. John Doe #1 and John Doe #2 allegedly allowed birds to remain in the dining hall for two months after Plaintiff's complaints regarding the hazard and the feces they dropped in the dining hall.

However, Plaintiff fails to state a claim against C/O Sloan. Plaintiff's only allegation against C/O Sloan is that he instructed Plaintiff to choose a cup and sit down after Plaintiff indicated there were food particles in his water. There is no indication in the Complaint that Plaintiff developed any food-borne illness as a result of drinking from the cup. This single incident does not rise to the level of deliberate indifference. C/O Sloan is, accordingly, **DISMISSED without prejudice** from Count 1.

**Count 2**

Plaintiff makes numerous allegations against a Jane Doe Nurse, although it is not clear from his pleadings whether the nurse is the same nurse on each occasion. Plaintiff alleges that the Jane Doe Nurse who responded to his request for medical attention for vomiting on January 24, 2018 instructed him to only drink liquids for twenty-four hours and to contact the healthcare unit if he continued to feel sick. (Doc. 1, p. 13). These allegations do not support a claim for deliberate indifference.

As to the Jane Doe Nurse that allegedly informed Plaintiff he had to be throwing up for twenty-four hours before any care at all was provided (Doc. 1, p. 17), the Court finds that Plaintiff states a viable claim for deliberate indifference against this individual. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Plaintiff fails to state a claim for deliberate indifference against C/O Jenkins. Plaintiff alleges he informed C/O Jenkins that he was sick and that Jenkins first told him to put in a request to the healthcare unit and then later informed Plaintiff that he tried to call the healthcare unit but did not receive a response. (Doc. 1, p. 19). Plaintiff was sent to the healthcare unit for care on the next shift, where he was provided with medication for his nausea. There is no indication that this short delay by C/O Jenkins amounted to deliberate indifference. Accordingly, C/O Jenkins will be **DISMISSED without prejudice** from Count 2.

### Count 3

As to Plaintiff's claim against Wexford, a corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff alleges that Wexford maintains a policy which requires an inmate to be vomiting for twenty-four hours before he receives any care. These allegations are sufficient to state a claim against Wexford.

### Count 4

Plaintiff fails to state a claim for deliberate indifference against Cunningham, Kevin Kink, C. Kamp, Sarah Johnson, and John Baldwin. Plaintiff alleges these grievance officials failed to properly investigate his claims and failed to address the issues presented in his grievances. He alleges that the warden and ARB officials, including Sarah Johnson and John Baldwin, merely

signed off on the findings of the counselor and grievance officer. (Doc. 1, p. 14 and 18). The denial or mishandling of a grievance, however, does not state a claim. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The Complaint does not suggest that these defendants "turned a blind eye" to an alleged constitutional violation. *See e.g., Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Rather, they relied on the statements from dietary and the healthcare unit that the conditions were sanitary, and that Plaintiff was receiving proper medical care. These allegations do not state a claim for deliberate indifference against the grievance officials. As such, Count 4 will be **DISMISSED without prejudice** against Cunningham, Kevin Kink, C. Kamp, Sarah Johnson, and John Baldwin.

### John Doe Defendant

Deanna Brookhart, The Warden of Lawrence Correctional Center, will be added to the docket (official capacity only) for purposes of responding to discovery (informal or formal) aimed at identifying the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Motion for Counsel

In his Motion for Counsel (Doc. 4), Plaintiff indicates that he has sent letters to several attorneys but they have declined to take his case. Plaintiff claims that he needs counsel because he was in special education in school and has no legal knowledge. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Therefore, Plaintiff's Motion for Counsel (Doc. 4) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Kohn, John Doe #1 Food Supervisor, and John Doe #2 Lieutenant, but is **DISMISSED without prejudice** as to C/O Sloan. Count 2 shall proceed against Jane Doe Nurse but is **DISMISSED without prejudice** as to C/O Jenkins. Count 3 shall proceed against Wexford. Count 4 is **DISMISSED without prejudice** as to Cunningham, Kevin Kink, C. Kamp, Sarah Johnson, and John Baldwin. The Clerk is **DIRECTED** to terminate C/O Sloan, C/O Jenkins, Cunningham, Kevin Kink, C. Kamp, Sara Johnson, and John Baldwin from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. The Clerk is further **DIRECTED** to add Deanna Brookhart (official capacity only) to the docket for purposes of identifying the unknown defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Kohn, Wexford Health Sources, Inc., and Deanna Brookhart (official capacity only): (1) Form 5 (Notice of a

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. As the Court is directing service of the Defendants, Plaintiff's Motion for Service of Process at Government's Expense (Doc. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants until such time as Plaintiff has identified them by name. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Deanna Brookhart need not file an Answer as she is only in the case

for purposes of identifying the John Doe Defendants. The Court will provide Brookhart with further instructions on identifying these individuals at a later date.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/12/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.

Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**