IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL HENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-443- RJD |
| ) | |
| MATTHEW MCCARTHY, WEXFORD ) | |
| HEALTH SOURCES, INC., HAILEY ) | |
| KERMICHAEL, AND SHERRY MCVEY, ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Wexford Health Sources, Inc. (Docs. 29 and 30). Plaintiff filed a Response (Doc. 50).[1] For the following reasons, Defendant's motion is DENIED.

**Background**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") filed this suit *pro se* pursuant to 42 USC §1983, alleging that his constitutional rights are being violated at Lawrence Correctional Center ("Lawrence"). Plaintiff claims that Defendants are deliberately indifferent to the unsanitary conditions in the dining hall and to Plaintiff's gastrointestinal problems that have resulted from those unsanitary conditions. Plaintiff's suit currently proceeds on the following claims:

Count One: Eighth Amendment claim against Defendants Kohn, Sherry McVey,

---

[1] Because the pleadings reveal there are no factual disputes between the parties on exhaustion, this Court did not hold a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

            and Lt. Matthew McCarty for deliberate indifference to Plaintiff's conditions of confinement in the dining hall.

Count Two: Eighth Amendment claim against Nurse Hailey Kermichael for deliberate indifference to Plaintiff's request for medical treatment for vomiting.

Count Three: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining a policy that required Plaintiff to vomit for 24 hours before he could receive medical treatment.

  Defendant Wexford Health Sources, Inc. ("Wexford") filed the instant motion, contending that though Plaintiff submitted certain grievances related to his allegations, he never named or otherwise identified Wexford in those grievances and therefore failed to exhaust his administrative remedies against it. Wexford is the contracted healthcare provider at Lawrence. Wexford points the Court to a grievance dated March 8, 2018, in which Plaintiff wrote that he became very ill after eating dinner from the dining hall on March 4, 2018. Plaintiff further wrote that he saw a nurse on med-line and she said "there [was] nothing she could do I have to be throwing up for 24 hours before she could do something." Plaintiff did not expressly identify Wexford in the grievance, nor did he connect Wexford to the rule that he had to be vomiting for 24 hours before he could receive treatment ("the 24-hour rule").

  Plaintiff's counselor responded to the grievance on March 14, 2018, writing "Per healthcare unit administrator appropriate care was given." On May 25, 2019, the grievance officer recommended that Plaintiff's grievance be denied, and the Warden concurred on May 29, 2019. Plaintiff appealed the grievance to the ARB. The ARB's decision on the grievance is not clear from the record submitted. Wexford does not contend that Plaintiff failed to fully exhaust the March 8, 2018 grievance.

## Legal Standards

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who gives written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The Chief Administrative Officer then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).

> The grievance must contain the following:
>
> ….factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint.  This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does

occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

## Discussion

Wexford's only argument on summary judgment is that Plaintiff failed to identify it in his March 8, 2018 grievance. The Court finds this argument unpersuasive. The purpose of requiring an inmate to exhaust his administrative remedies is to alert the prison of the inmate's complaint prior to filing suit. Plaintiff's March 8, 2018 grievance achieved that purpose by alerting Lawrence officials that a nurse (allegedly) could not/would not provide medical treatment to a prisoner who was vomiting unless his vomiting lasted more than 24 hours.

Plaintiff contends that at the time he submitted the March 8, 2018 grievance, he did not know the 24-hour rule was a Wexford policy. The Illinois Administrative Code does not require him to specifically identify the subject(s) of his grievance, only to give as much information as possible. In his grievance, Plaintiff identified 1) that he spoke with a nurse on med-line; 2) the date and approximate time that this conversation occurred; and that 3) she told him there was nothing she could do for him unless he had been vomiting for 24 hours. The Court finds that Plaintiff provided enough details for prison officials to investigate his complaints. Certainly prison officials were aware that Wexford was the contracted healthcare provider at Lawrence, and that if a nurse was following certain protocol, it was likely Wexford's protocol. Wexford fails to establish that it is entitled to summary judgment on the issue of administrative remedy exhaustion.

## Conclusion

The Motion for Summary Judgment on the Issue of Failure to Exhaust Administrative Remedies filed by Wexford Health Sources, Inc. (Doc. 29) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   September 24, 2020**

                                              *s/  Reona J. Daly*
                                              **Hon. Reona J. Daly**
                                              **United States Magistrate Judge**