IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL HENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-443- RJD |
| ) | |
| MATTHEW MCCARTHY, WEXFORD ) | |
| HEALTH SOURCES, INC., HAILEY ) | |
| KERMICHAEL, AND SHERRY MCVEY, ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. 55) and Plaintiff's Motion for Court Order (Doc. 60). Plaintiff's Motion for Leave to File Amended Complaint is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion for Court Order is DENIED.

**Background**

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") filed this suit *pro se* pursuant to 42 USC §1983, alleging that his constitutional rights are being violated at Lawrence Correctional Center ("Lawrence"). Plaintiff claims that Defendants are deliberately indifferent to the unsanitary conditions in the dining hall and to Plaintiff's gastrointestinal problems that have resulted from those unsanitary conditions. Plaintiff alleges that the cups and trays are not properly sanitized and the dining hall is infested with mice. He also alleges that there are excess liquids on the floor in the dining hall, and the mopheads used to clean the floor emit a foul odor. In December 2018 there were birds flying around the dining hall. Plaintiff seeks declaratory

judgment, monetary damages, and injunctive relief. After the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §1915A, and after Plaintiff filed motions to substitute John/Jane Doe Defendants with named Defendants, Plaintiff's suit proceeded on the following claims:

> Count One: Eighth Amendment claim against Defendants Kohn, Sherry McVey, and Lt. Matthew McCarty for deliberate indifference to Plaintiff's conditions of confinement in the dining hall.
>
> Count Two: Eighth Amendment claim against Nurse Hailey Kermichael for deliberate indifference to Plaintiff's request for medical treatment for vomiting.
>
> Count Three: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining a policy that required Plaintiff to vomit for 24 hours before he could receive medical treatment.

**Motion for Leave to File First Amended Complaint**

Plaintiff's proposed amended complaint contains claims against three additional individuals: Correctional Officer Morgan, Deanna Brookhart[1] (Warden at Lawrence), and Densmore (head of dietary). Plaintiff asks the Court to add Correctional Officer Morgan as a defendant in Count Two (deliberate indifference to Plaintiff's request for medical treatment for his vomiting). Plaintiff alleges that on January 24, 2018, he could not stop vomiting and was dizzy and lightheaded after consuming a tray in the dining hall. A fellow inmate reported Plaintiff's condition to C/O Morgan, who made a phone call to the healthcare unit. Plaintiff pressed the "panic button" in his cell. Twenty minutes later, C/O Morgan released Plaintiff from his cell so that he could see a nurse.

Six days later, Plaintiff saw Densmore (head of the dietary department) in the dining hall.

---

[1] Deanna Brookhart is currently a defendant in her official capacity only. She was added as a defendant to provide information to Plaintiff to identify the John Doe defendants. She has not moved to be dismissed, though the John Doe defendants have all been identified.

Plaintiff alleges that he told Densmore the unhealthy and unsanitary conditions in the dining hall made him sick. Densmore replied "we are doing the best we can" and offered Plaintiff a job in dietary to "help fix the problem."

Plaintiff alleges that Warden Brookhart "turned a blind eye" to address the emergent situation created by birds flying around the dining hall. Plaintiff submitted a grievance regarding the birds, and the response from the grievance officer indicated that the birds had been removed and the area sanitized. The grievance officer denied the grievance and Warden Brookhart concurred in the denial.

The Court finds it helpful to designate the claims in Plaintiff's amended complaint in reference to Plaintiff's Complaint:

> Count One: Eighth Amendment claim against Defendants Kohn, Sherry McVey, Lt. Matthew McCarty, and **a new claim against Densmore and Warden Brookhart** for deliberate indifference to Plaintiff's conditions of confinement in the dining hall.
>
> Count Two: Eighth Amendment claim against Nurse Hailey Kermichael and **a new claim against Correctional Officer Morgan** for deliberate indifference to Plaintiff's request for medical treatment for his vomiting.
>
> Count Three: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining a policy that required Plaintiff to vomit for 24 hours before he could receive medical treatment.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the first amended complaint that is not addressed by this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). A *pro se* plaintiff is held to "less stringent pleading standards" than a party represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court may, however, deny the plaintiff leave to amend if his claim is futile. *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008). Leave may also be denied where the plaintiff caused undue delay or had a dilatory motive. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Here, there appears to be no delay or dilatory motive, so the only question for the Court to determine is whether the new claims in Plaintiff's proposed amended complaint are futile.

**Count I against Densmore and Warden Brookhart**

To state an Eighth Amendment claim for unconstitutional conditions of confinement, the plaintiff must allege facts that indicate "the conditions at issue were sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *See Townsend v. Fuchs*, 522 F.3d 765, 773 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The plaintiff must then allege facts that indicate the prison official was "knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Id*. (citing *Farmer* at 847).

Plaintiff alleges that he had a conversation with Densmore (former head of dietary) that indicates Densmore was aware of the unsanitary conditions in the dining hall and allowed them to continue. Plaintiff's allegations regarding the conditions in the dining room (e.g., mice

infestation, unsanitary cups and trays) are sufficiently serious. The Court finds that Plaintiff states a viable claim for unconstitutional conditions of confinement against Densmore.

However, Plaintiff fails to state a claim for deliberate indifference against Warden Brookhart. While Plaintiff claims that Warden Brookhart "turned a blind eye" to birds flying around the dining hall, the amended complaint contains no facts to support this conclusory allegation. Plaintiff's allegations indicate that Warden Brookhart relied on statements from dietary in finding that the birds had been removed from the dining hall and the area sanitized. Accordingly, to the extent Plaintiff is seeking leave to name Warden Brookhart in Count I, Plaintiff's motion is denied. Plaintiff is granted leave to bring his claim against Densmore in Count I of his proposed amended complaint.

**Count II against Correctional Officer Morgan**

To state an Eighth Amendment claim for deliberate indifference to a medical condition, the plaintiff must allege that "(1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). A slight delay in treatment does not equate deliberate indifference. *Id*. at 442. Consequently, Plaintiff fails to state a viable claim against C/O Morgan for deliberate indifference. Plaintiff alleges that a mere 20-minute delay occurred from the time C/O Morgan learned Plaintiff was vomiting until C/O Morgan appeared at Plaintiff's cell to release him to see a nurse. Moreover, during that time, C/O Morgan called the healthcare unit. To the extent Plaintiff is seeking leave to name C/O Morgan in Count II, Plaintiff's motion is denied.

**Plaintiff's Motion for Court Order**

Plaintiff moves the Court to order that he be kept separate and protected from the

Defendants and transferred to another facility, which the Court construes as a request for preliminary injunction under Federal Rule of Civil Procedure 65(a). A preliminary injunction may be granted where the movant establishes that: (1) his case is likely to succeed on the merits; (2) there is no adequate remedy at law; and 3) he faces irreparable harm if the injunction is not granted. *Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). Moreover, the preliminary injunction must relate to the allegations in the underlying suit. *Anthony v. Clendenin*, *et al*, 20-cv-51-MAB-NJR, 2020 WL 3871212, *1 (S.D. Ill. July 9, 2020) (internal citations omitted); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Plaintiff contends that he must be kept separate from the Defendants and transferred to another facility because he feels "unsafe" around them. He claims that Defendants have retaliated against him by threatening him and denying him participation in education programs at Lawrence. Correctional staff have denied him access to mental health treatment and counselors.

The allegations in the Motion for Court Order-threats, retaliation, and denial of mental health treatment-are not related to the in Plaintiff's underlying suit (unsanitary dining conditions and deliberate indifference to Plaintiff's gastrointestinal problems). Moreover, some of the allegations in the Motion for Court Order appear to be against individuals who are not named in this suit. Accordingly, Plaintiff's Motion for Court Order is denied. If Plaintiff wishes to pursue emergency injunctive relief for these unrelated claims and against individuals who are not defendants in this suit, he should file a separate case under 42 USC §1983. The Court states no opinion on the merits of any such claims.

## DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to File the Amended Complaint is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion for Court Order is DENIED

WITHOUT PREJUDICE.

Plaintiff is GRANTED leave to amend his complaint to add Densmore as a Defendant to Plaintiff's Eighth Amendment claim in Count One. The Clerk of Court is DIRECTED to file Plaintiff's proposed amended complaint (submitted on January 2, 2020) as the Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed amended complaint will be filed, only the following claims will proceed in this action:

> Count One: Eighth Amendment claim against Defendants Kohn, Sherry McVey, Lt. Matthew McCarty, and Densmore for deliberate indifference to Plaintiff's conditions of confinement in the dining hall.
>
> Count Two: Eighth Amendment claim against Nurse Hailey Kermichael for deliberate indifference to Plaintiff's request for medical treatment for his vomiting.
>
> Count Three: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for maintaining a policy that required Plaintiff to vomit for 24 hours before he could receive medical treatment.

The Clerk of Court shall prepare for Defendant Densmore: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is DIRECTED to mail these forms, a copy of the Amended Complaint, and this Order to Lawrence Correctional Center (Defendant's place of employment as identified by Plaintiff). If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. The Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered) a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the

date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED:   September 25, 2020**

*s/  Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**