IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL HENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-443-DWD |
| ) | |
| JEREMY KOHN, ) | |
| MATTHEW MCCARTHY, ) | |
| WEXFORD HEALTH SOURCES, INC.,) | |
| SHERRY MCVEY, ) | |
| DENSMORE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

In this matter, Plaintiff Daniel Henney, an inmate in the custody of the Illinois Department of Corrections, alleges Eighth Amendment deliberate indifference claims against Defendant Densmore related to Plaintiff's conditions of confinement in the dining hall at Lawrence Correctional Center ("Lawrence"). Plaintiff's First Amended Complaint adding this claim against Defendant Densmore was filed on September 28, 2020 (Doc. 92). A request for waiver of service of summons was sent to Defendant Densmore on September 28, 2020 (Doc. 84). Defendant Rick Densmore executed and returned a waiver of service, and his answer was due by December 7, 2020 (Doc. 91). Defendant failed to timely appear and answer the complaint, and the Clerk of Court entered default against Defendant Densmore on May 24, 2021 (Doc. 102).

Now before the Court is the Motion for Default Judgment (Doc. 104) filed by Plaintiff on June 4, 2021, and the Motion to Set Aside Default (Doc. 105) filed by

Defendant Densmore June 9, 2021 (Doc. 105).  For the reasons detailed below, Plaintiff's Motion is **DENIED**, and Defendant's Motion is **GRANTED**.

## Discussion

Fed. R. Civ. P. 55(c) provides that "the court may set aside an entry of default for good cause."  The standard for "good cause" is lenient, particularly where, as here, the Clerk has entered default, but default has not yet been finalized.  *See JMB Mfg., Inc. v. Child Craft, LLC,* 799 F.3d 780, 791-792 (7th Cir. 2015); *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009) (The Rule 55(c) standard is more lenient due to the "policy of favoring trial on the merits over default judgment.").  To prevail on a Rule 55(c) motion, the movant "must show: (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco*, 559 F.3d at 630-631 (internal quotation and citation omitted).

Good cause does not require a party to provide a good excuse so long as setting aside a default does not cause prejudice to the opposing party.  *See JMB Mfg., Inc.*, 799 F.3d at 792; *see also Arwa Chiropractic, P.C. v. Med-Care Diabetic*, 961 F.3d 942, 948 (7th Cir. 2020) (noting the standard for good cause is less stringent than seeking relief from final judgment under Rule 60(b), which requires showing mistake, inadvertence, or excusable neglect).  Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017).

Here, Defendant Densmore took quick corrective action in response to the entry of default. The default was entered on May 24, 2021, and he moved to set it aside on June 9, 2021. Densmore also demonstrates good cause for the default. While Densmore executed his waiver of service promptly upon receipt in October 2020, Densmore was unaware that he needed to take additional steps to secure representation from the Office of the Illinois Attorney General and wrongfully believed that his returning of the request for waiver of service was all that was needed (Doc. 105-1). Further, Densmore represents that he retired from the Illinois Department of Corrections in January 2019, nearly one year prior to the filing of Plaintiff's Amended Complaint, and therefore had not been in contact with the Lawrence facility so to realize his mistake. However, upon learning of his error, he promptly returned all missing representation paperwork, and his Counsel entered an appearance on May 27, 2021, three days after the entry of default (Doc. 103).

The Court accepts Densmore's representation of this confusion, and finds it akin to mistake or excusable neglect, and thus sufficient for establishing good cause. Densmore further claims to have a meritorious defense to Plaintiff's complaint, arguing that Plaintiff's claims are precluded by the Eleventh Amendment, and barred by Plaintiff's alleged failure to exhaust his administrative remedies (Doc. 105). Further, Densmore asserts that he is protected from liability by qualified immunity (*Id.*). The record therefore supports a finding that Densmore has a meritorious defense to Plaintiff's claims.

**Conclusion**

Considering the foregoing, and that Defendant Densmore's default had not yet been finalized, the Court finds good cause for setting aside the entry of default here. Accordingly, Plaintiff's Motion for Default Judgment (Doc. 104) is **DENIED**. Defendant Densmore's Motion to Set Aside Default (Doc. 105) is **GRANTED**. The default entered on May 24, 2021 is hereby **SET ASIDE**. Defendant Densmore shall answer or otherwise respond to Plaintiff's Amended Complaint (Doc. 82; Doc. 83) by **July 2, 2021**.

**SO ORDERED.**

Dated**: June 11, 2021**

_____
DAVID W. DUGAN
United States District Judge